**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Jones,<br><br>        Plaintiff,<br><br>    vs.<br><br>Corrections Corporation of America<br><br>        Defendant. | No. CIV 10-2769-PHX-RCB (JRI)<br><br>O R D E R |

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Currently there are several matters pending before the court in this action. The first is a document denoted "Notice of Appeal" filed by plaintiff *pro se* Darin Jones (Doc. 122). Plaintiff is "appealing" the order of the Honorable Jay R. Irwin, United States Magistrate Judge ("the Magistrate Judge"), denying without prejudice "Plaintiff's Motion for Appointment of Counsel[.]" Ord. (Doc. 110) at 12:2-3. Also pending is plaintiff's "Motion for Request for Stay[,]" filed simultaneous with his "Notice of Appeal." Mot. (Doc. 123). Third, defendant Corrections Corporation of America ("CCA")

filed a "Request to Strike Plaintiff's Notice of Appeal[,]" as well as opposing that motion for a stay. Resp. (Doc. 126) at 1:14-15.  Lastly, even before the issuance of the Magistrate Judge's order denying plaintiff's motion for appointment of counsel, plaintiff also filed a motion for a "Stay of Proceedings to Enforce a Judgement Under Fed.R.Civ.P. 62 Physical and Mental Examinations[] Under Fed.R.Civ.P. 35[.]" Mot. (Doc. 107) at 1.

### *Background*

Pursuant to this court's referral order, among other things, Magistrate Judge Irwin issued an order expressly "consider[ing] . . . Plaintiff's Motion for Appointment of Counsel[.]" Ord. (Doc. 110) at 2:8.  Plaintiff sought counsel due to his "mental incompetence, the complexity and merits of the case, and his inability to secure counsel." Id. at 2:9-11. Stressing that plaintiff "founds his request upon due process protections[,]" the Magistrate Judge devoted the bulk of his order to discussing the constitutional limitations on plaintiff's request. Id. at 3:9-10.

As the starting point for his analysis, the Magistrate Judge recited the established rule that there is no "general constitutional right for an indigent to have appointed counsel in a civil case[]" in this Circuit. Id. at 2:13-14 (citing Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980)). Likewise, the Magistrate Judge accurately stated that the Supreme Court has "adopted a '*presumption* that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty interest.'"

Id. at 2:23-24 (quoting Lassister v. Department of Social Servs. of Durham Cty., 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)) (emphasis added).  Accordingly, the Magistrate Judge explained that "[a]bsent such a deprivation of physical liberty, a constitutional right to appointment of counsel must be found as a corollary to other general constitutional principles." Id. at 2:25-27.

Consistent with the foregoing, the Magistrate Judge examined plaintiff's request for counsel in light of the constitutional principles of "right of access" and "procedural due process[.]" Id. at 2:28 and at 3:9 (emphasis omitted).  He soundly reasoned that "Plaintiff's right of access it not at issue, and therefore cannot justify appointment of counsel[]" on that basis.  Id. at 3:7-8.  Next, the Magistrate Judge properly engaged in "a due process analysis of the type announced in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 892, 47 L.Ed.2d 18 (1976)," *i.e.*, a balancing test.  See Hernandez v. Whiting, 881 F.2d 786, 771 n.3 (9th Cir. 1989).  After identifying the various interests at stake and thoroughly discussing each, the Magistrate Judge found that plaintiff could not "overcome the presumption against appointed counsel." Ord. (Doc. 110) at 10:13-14.  The Magistrate Judge thus found that "Plaintiff will not be denied procedural due process in the absence of appointed counsel."  Id. at 10:15-16.

Prior to the transfer of this action,[1] the United States

---

[1] In accordance with 28 U.S.C. § 1631, this case was transferred here because it "should have been brought in the District of Arizona, where the events at issue occurred."  Ord. (Doc. 73) at 1.

S:\CLR\prisoners\appealaptcounsel      - 3 -

District Court, District of Alaska, granted plaintiff's application for "in forma pauperis" ("IFP") status pursuant to 28 U.S.C. § 1915. Doc. 12 (3:10-cv-00054-TMB) at 1. As that statute allows, the court waived plaintiff's prepayment of the $350.00 filing fee, but it assessed him an initial partial filing fee, and required monthly installment payments of the remainder from plaintiff's prisoner trust account. Id. at 1-2. Despite having been previously granted IFP status, plaintiff did not mention section 1915 in his motion, let alone subsection (e)(1) thereof. Section 1915(e)(1) authorizes a court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

Nonetheless, undoubtedly adhering to the well-recognized rule that "in general, courts must construe pro se pleadings liberally[,]" Hamilton v. Brown, 630 F.3d 889, 893 (9th Cir. 2001) (citations and internal quotation marks omitted), the Magistrate Judge addressed a "statutory request for counsel under" section 1915(e)(1). Ord. (Doc. 110) at 10:17 (emphasis omitted).

After careful consideration, the Magistrate Judge found that plaintiff could show "neither the likelihood of success nor the complexity of the issues necessary" to satisfy the "'exceptional circumstances'" standard necessary "to support a request for counsel under" that particular statute. Id. at 11:20-21; and at 10:19. Based upon the foregoing, the Magistrate Judge denied without prejudice to renew plaintiff's motion for appointment of counsel.

Two days prior to the issuance of that order, plaintiff

S:\CLR\prisoners\appealaptcounsel    -4-

filed a motion for a stay pending resolution of his motion for appointment of counsel.  After the issuance of the Magistrate Judge's order plaintiff filed a "Notice of Appeal[]" in this district court, "chall[e]ng[ing] [the Magistrate] Judge's denial of his appointment of counsel[.]" Not. (Doc. 122) at 1. Simultaneous with the filing of that Notice, plaintiff filed a second motion for a stay essentially reiterating his reasons for seeking appointment of counsel.

Defendant CCA did not address the merits of plaintiff's "appeal" or his second motion for a stay.  Instead, CCA is taking the position that the order denying appointment of counsel "is not immediately appealable[,]" and hence "there is no viable reason to stay this case."  Resp. (Doc. 126) at 2:4; 2:6.  CCA thus reasons that the court should deny plaintiff's motion for a stay.  CCA also specifically "requests that the Court . . . strike the notice of appeal."  Id. at 2:8.

As to plaintiff's first filed motion for a stay, CCA does not object to a brief extension "to allow the parties to submit their Joint Case Management Plan."  Resp. (Doc. 118) at 1:20-21. CCA is opposing "the remainder of Plaintiff's Motion" on two grounds, however.  Id. at 1:22.  First, CCA asserts that that motion is "premature[.]" Id. at 1:23.  Second, CCA contends that plaintiff cannot invoke Rule 35 as "a weapon" to "be used to force CCA to pay for Plaintiff's expert."  Id. at 1:24.

### *Discussion*

### *I.  "Appeal"*

Evidently the parties are operating under the misconception that plaintiff filed his "appeal" in the Ninth Circuit Court of

Appeals.[2]  He did not; plaintiff filed his "appeal" in this district court.  Therefore, CCA's argument that the Magistrate Judge's denial of counsel is an "interlocutory order" which "must fit within the 'collateral order exception to the final judgment rule of 28 U.S.C. § 1291" misses the mark.  See Resp. (Doc. 126) at 1:21-23 (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).  Section 1291 confers jurisdiction upon circuit courts to review "final decisions" of the district courts.  See 28 U.S.C. § 1291; see also Ortiz v. Jordan, --- U.S. ---, 131 S.Ct. 884, 891, 178 L.Ed.2d 703 (2011) (internal quotation marks omitted) ("The jurisdiction of a Court of Appeals under 28 U.S.C. § 1291 extends only to appeals from . . . final decisions of the district courts.")  Consequently, section 1291's jurisdictional grant does not come into play in the present case.  Hence, despite what the CCA urges, whether the Magistrate Judge's order fits within the collateral order exception to section 1291 is irrelevant at this juncture.  Moreover, despite its designation as a "Notice of Appeal," given the statutory framework for a magistrate judge's authority discussed below, the court will be treating that "Notice" as objections under

---

[2]  The CCA expressly declares that it is opposing "Plaintiff's motion to stay this case while *this* Ninth Circuit considers his appeal[.]" Resp. (Doc. 126) at 1:16-18 (emphasis added).  Further, the CCA reasons that because plaintiff's "appeal" does not "confer jurisdiction on the Ninth Circuit," the court should strike his "notice of appeal" and deny his motion for a stay.  Id. at 2:5-6.
  Likewise, plaintiff mistakenly relies upon Fed. R. App. 4, governing appeals as of right to a circuit court from a judgment or order of a district court.  See Not. (Doc. 122) at 1.  Moreover, plaintiff concludes his motion for a stay asserting that "[t]here should be no further actions taken or decided [until] the 9th Circu[i]t[] [C]ourt of [A]ppeals has made a decision and if denied in the 9th [C]irc[i]t[] [he] [i]ntend[s] to appeal to the Supreme Court of Appeals [sic]." Id. at 2.

Fed. R. Civ. P. 72(a).  Clearly, this court has the authority to address such objections.  See 28 U.S.C. § 636(b)(1)(A).

### *A.  Standard of Review*

28 U.S.C. § 636 delineates the powers of federal magistrate judges.  The referral order in the present case was made pursuant to section 636(b)(1).  Under that statute, the standard of review differs depending upon whether a magistrate judge's decision is non-dispositive or dispositive.  Section 636(b)(1)(A), with the exception of eight types of motions,[3] authorizes a magistrate judge to resolve "any pretrial matter[s]" subject to "reconsider[ation] thereunder "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) ("Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court.") In discussing "nondispositive matters[,]" Rule 72(a) explains that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  Fed.R.Civ.P. 72(a).  That Rule allows a party 14 days within which to file and serve objections to the

---

[3] Specifically excluded from that grant of authority are motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information. . . , to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can by granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A).

magistrate judge's order.  Id.    Correspondingly, 28 U.S.C. § 636(b)(1)(B), permits a district court to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations to the district court on the excepted motions listed in section 636(b)(1)(A).  If written objections are filed, the district court conducts a *de novo* review of those proposed findings of fact and recommendations. See 28 U.S.C. § 636(b)(1)(C).

To determine the scope of the magistrate judge's authority and, in turn, the standard of review, it is not enough to "simply look to the list of excepted pretrial matters" in 636(b)(1)(A).  See United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004).  The court must look beyond the plain language of that statute because the eight listed motions "are not an exhaustive list of all the pretrial matters that are excepted from the magistrate judge's authority." Id. at 1067. Indeed, the Ninth Circuit has noted that "any motion not listed, *nor analogous to a motion listed* in this category, falls within the non-dispositive group of matters which a magistrate may determine."  Id. at 1067-68 (citation omitted) (emphasis added by Rivera-Guerrero Court).  Thus, a court also "must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party."  Id. at 1068 (citation and internal quotation marks omitted).

### B. *Discussion*

A motion for appointment of counsel is not among those motions excepted from section 636(b)(1)(A).  As just explained

S:\CLR\prisoners\appealaptcounsel     -8-

though, that does not necessarily mean that such a motion is dispositive.  Indeed, courts routinely deem orders denying appointment of counsel to be nondispositive, subject to review under the clearly erroneous or contrary to law standard.  See, e.g., Tremblay v. Lapier, 2010 WL 3187456 (D.Mont. Aug. 10, 2010); McDonald v. Waddington, 2009 WL 302279, at *2-*3 (W.D.Wash. Feb. 6, 2009) (finding that a magistrate judge's "non-dispositive order denying [a prisoner's] request for appointment of counsel . . . was neither clearly erroneous nor contrary to law[]"); and Nash v. Waddington, 2007 WL 2461774 (W.D.Wash. Aug. 27, 2007) (same).  That is logical given that such motions are not dispositive of a party's claim or defense.  Cf. Jones v. Vanderville, 2009 WL 4572880, at *2 (E.D.Cal. Dec. 1, 2009) (magistrate judge's order dismissing the complaint with leave to amend was non-dispositive).

Based upon the foregoing, this court, too, considers the Magistrate Judge's order denying plaintiff Jones' motion for appointment of counsel to be non-dispositive. Bolstering this conclusion is the fact that the Magistrate Judge explicitly denied that motion "without prejudice." Ord. (Doc. 110) at 12:3.  A denial without prejudice is different than a denial with prejudice "in the sense that" the former "does not preclude a subsequent motion based on the same argument."  See Ross v. Excel Group Flexible Benefit Plan, 2008 WL 4567229, at *3 (D.Ariz. Oct. 14, 2008).  Therefore, the Magistrate Judge's order also is non-dispositive "in the sense" that it does not completely foreclose plaintiff from seeking appointment of counsel at another point during this litigation.  See id.

The determination that the Magistrate Judge's order is non-dispositive means that it is subject to the clearly erroneous or contrary to law standard of 28 U.S.C. § 636(b)(1)(A). See also Fed.R.Civ.P. 72(a) (a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law[]"). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Patterson v. Ryan, 2010 WL 4136097, at *2 (D.Ariz. Oct. 13, 2010) (citations and internal quotation marks omitted). "By contrast, the contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (citations and internal quotation marks omitted). With these standards in mind, the court will consider plaintiff's objections to the order denying his motion for appointment of counsel.

Those objections consist of a list of 13 statements, mostly pertaining to plaintiff's complaint, although a few are germane to his motion for counsel. Further, plaintiff asserts that the Magistrate Judge did not rely upon current and applicable Supreme Court case law. See Not. (Doc. 122) at 1, ¶ 2). Plaintiff has utterly failed to show that any of the Magistrate Judge's factual findings were clearly erroneous. Nor has he shown that any of the Magistrate Judge's legal conclusions were contrary to law. Plaintiff would be hard pressed to make either showing given the Magistrate Judge's thoughtful and careful review of plaintiff's motion for appointment of counsel,

the applicable law, and the relevant facts.  Thus, there is absolutely no basis for this court to reconsider any aspect of the Magistrate Judge's order denying without prejudice plaintiff's motion for appointment of counsel.  Accordingly, the court overrules plaintiff's objections and affirms that order.[4]

That ruling renders moot defendant's motion to strike plaintiff's "Notice of Appeal."  The court thus denies as moot defendant's motion to strike (Doc. 126).

## II.  Motions for a Stay

### A.  March Motion

Prior to the Magistrate Judge issuing the subject order, plaintiff filed a motion entitled "Stay of Proceedings to enforce a Judgement Under Fed.R.Civ.P. 62 Physical and Mental Examinations[] Under Fed.R.Civ.P. 35[.]" Mot. (Doc. 107).  On

---

[4] The court is well aware that in this Circuit a magistrate judge has no authority to issue a dispositive order denying in forma pauperis status unless there has been written consent pursuant to section 636(c).  Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988); see also Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (citation omitted) ("[A]n application to proceed in forma pauperis is not a nondispositive matter under Rule 72(a)."); and LRCiv 72.2(a)(4) ("[A] Magistrate Judge may not deny a request for in forma pauperis status unless the person requesting such status has expressly consented in writing to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).")  There was no written consent here.

The Magistrate Judge's order did invoke the IFP statute, 28 U.S.C. § 1915, as discussed herein.  Therefore, at first glance it might appear that the Magistrate Judge exceeded the scope of his statutory authority in denying plaintiff's request for counsel based upon subsection (e)(1) of that statute.  However, the Magistrate Judge clearly had the authority, as he did, to consider whether plaintiff's request for counsel should be granted under that particular statute.  The Magistrate Judge had that authority because in contrast to the denial of informa pauperis status, as explained above, the denial of a request to appoint counsel is non-dispositive.

Moreover, as noted at the outset, the transfer of this action from the United States District Court, District of Alaska, that court granted plaintiff's application for IFP status pursuant to 28 U.S.C. § 1915(b)(1) and (2).  Especially given that history, it is obvious that the issue of plaintiff's IFP status was not before Magistrate Judge Irwin.  Rather, he only properly considered the discrete issue of whether the court should "request an attorney to represent" plaintiff under section 1915(e)(1) because plaintiff is "unable to afford counsel."  See 28 U.S.C. § 1915(e)(1).

April 20, 2011, the Magistrate Judge withdrew the referral order as to that particular motion, so that motion is now properly before this court for consideration.

Insofar as the court is able to discern, plaintiff's motion actually seeks three separate forms of relief. First, plaintiff is seeking a "stay [of] all proceedings[] until[] the motion for counsel is 'resolved[.]'" Mot. (Doc. 107) at 1, ¶ 1). Second, if his motion for appointment of counsel is denied, plaintiff "asks this court for reconsideration of that denial." Id. at 1, ¶ 2). Third, "at the defendant[']s expense[,]" plaintiff is seeking a "private examination" as to his "mental status" pursuant to Fed.R.Civ.P. 35. Id. at 2, ¶ 7).

Given the limited scope of the stay which plaintiff is seeking, *i.e.*, "until[] the motion for counsel is resolved[,]'" his motion is moot because this court has resolved that issue. Plaintiff's motion also is moot insofar as he is seeking "reconsideration of th[e] denial" of his motion for appointment of counsel because this court has found no basis for reconsideration. See id. at 1, ¶ 2).

As to plaintiff's request for a private mental examination at defendant's expense, Rule 35 simply does not encompass such a request. To be sure, pursuant to Rule 35 a district court has the discretion "under appropriate circumstances, [to] order a party to submit to a physical examination at the request of an opposing party[.]" Callegari v. Lee, 2011 WL 175927, at *7 (N.D.Cal. Jan. 19, 2011). However, "Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'" Id. (quoting Smith v.

Carroll, 602 F.Supp.2d 521, 526 (D.Del. 2009); see, e.g., Baker v. Hatch, 2010 WL 3212859 at *3 (E.D.Cal. 2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination); Adams v. Epps, 2008 WL 4861926 at *1 (S.D.Miss. 2008) (same); Cabrera v. Williams, 2007 WL 2682163 at *2 (D.Neb. Sept.7, 2007) (same)).  Therefore, the court denies plaintiff's motion insofar as he is seeking a court-ordered physical examination at defendant's expense.

In short, the court denies in its entirety plaintiff's motion for a stay (Doc. 107).

### *B. April Motion*

Simultaneously with the filing of his "Notice of Appeal" plaintiff filed a "Motion for Request for Stay[] Under Rule 24[5] Intervention to Stop Al[l] Proceeding[]s [U]ntil[] 9th Circu[i]t[] Court of Appeals Rules on Appeal from the Court's Decision" (Doc. 123) at 1 (footnote added).  The court *sua sponte* withdraws the reference to the Magistrate Judge as to this motion, and denies it as premature given that currently there is nothing pending in the Ninth Circuit.

Based upon the foregoing, IT IS ORDERED that:

(1) Plaintiff's "Motion for Request for Stay[]" (Doc. 107) is DENIED;

(2) Plaintiff's "Notice of Appeal" (Doc. 122), is OVERRULED; and the Magistrate Judge's order denying plaintiff's motion for appointment of counsel without prejudice (Doc. 110)

---

[5] Plaintiff's reliance upon FED.R.CIV.P. 24 as the basis for this motion is misplaced.  That Rule governs intervention in an action and has no relevance whatsoever to this stay motion.

S:\CLR\prisoners\appealaptcounsel    - 13 -

1 is AFFIRMED;
2     (3) Plaintiff's "Motion for Request for Stay[]" (Doc. 123)
3 is DENIED; and
4     (4) Defendant's "Request to Strike Notice of Appeal" (Doc.
5 126) is DENIED.
6     DATED this 5th day of May, 2011.

                    _____
                    Robert C. Broomfield
                    Senior United States District Judge

13 copies to plaintiff *pro se* and all counsel of record

S:\CLR\prisoners\appealaptcounsel    - 14 -